IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWMAN DIVISION

| | |
|---|---|
| CHARQUELA RAGLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| RIEXINGER & ASSOCIATES, LLC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the plaintiff, CHARQUELA RAGLAND, by and through her/his attorneys, Fortas Law Group, LLC., and for her Complaint against the defendant, RIEXINGER & ASSOCIATES, LLC., the plaintiff states as follows:

### I.  PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.  JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. CHARQUELA RAGLAND, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Griffin, County of Spalding, State of Georgia.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Ascention Services, LP (hereinafter, "the Debt").

6. The debt that Plaintiff allegedly owed Ascention Services, LP was for a student loan or other educational goods and/or services which was for the personal use of Plaintiff and/or used for household expenditure.

7. The debt Plaintiff allegedly owed was allegedly originally owed to The College Network, Inc.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. RIEXINGER & ASSOCIATES, LLC., (hereinafter, "Defendant") is a law firm engaged in the collection of debt within the State of Georgia. Defendant's principal place of business is located in the State of Georgia.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. ALLEGATIONS

15. On or about August 11, 2014, Defendant filed a lawsuit against Plaintiff on behalf of Ascension Services, LP., as assignee of The College Network, Inc.

16. The aforementioned lawsuit was filed by Defendant in an attempt to collect the aforementioned Debt from Plaintiff.

17. The filing of the aforementioned lawsuit was an attempt to collect the debt.

18. The aforementioned lawsuit contained an allegation directed to plaintiff that stated, "[n]otice his hereby given that attorney's fees in the amount of $777.54 will be due and collectible ten (10) days from service herewith under provision of said agreement and pursuant to O.C.G.A. §13-1-11;".

19. At the time of the filing of the aforementioned lawsuit, there existed no law, statute, or other legal authority that provided Defendant's or the original creditor's entitlement to collect attorney fees incidental to the aforementioned Debt.

20. At no time prior to the filing of the aforementioned lawsuit did Plaintiff enter into any agreement with Defendant to pay attorney fees incidental to the aforementioned Debt.

21. At no time prior to the filing of the aforementioned lawsuit did Plaintiff enter into any agreement with Ascension Services, LP to pay attorney fees incidental to the aforementioned Debt.

22. At no time prior to the filing of the aforementioned lawsuit did Plaintiff enter into any agreement with The College Network, Inc. to pay attorney fees incidental to the aforementioned Debt.

23. Defendant has, nonetheless sought to collect attorney fees from Plaintiff incidental to the aforementioned debt.

24. Since the date of filing the aforementioned lawsuit, Defendant has collected money from Plaintiff for its attorney fees.

25. In its attempts to collect the debt allegedly owed by Plaintiff to Ascention Services, LP, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   b. Falsely represented that services had been rendered or compensation was due and that such services and compensation may be lawfully received by a debt collector for the collection of a debt in violation of 15 U.S.C. §1692e(2)(B);

   c. Collected funds from Plaintiff despite having no lawful authority to do so in violation of 15 U.S.C. §1692f(1);

   d. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

26. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

27. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CHARQUELA RAGLAND, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Plaintiff's attorneys' fees and costs;

    d.    Any other relief deemed appropriate by this Honorable Court.

    Respectfully submitted,
    **CHARQUELA RAGLAND**

    By:  s/ Scott Fortas
        Attorney for Plaintiff

Dated: November 25, 2014

Scott Fortas (Bar No. 269980)
Fortas Law Group, LLC
1936 N. Druid Hills Rd., Suite 100B
Atlanta GA 30319
Telephone:(404) 315-9936
Facsimile: (404) 636-5418
E-Mail:    sfortas@fortaslaw.com